

1:25-cv-45-GHD-RP

January 23, 2025

*VIA U.S.P.S. Certified Mail and Email*
David Luke
Superintendent

Rosemary Lampley
Special Education Director

Joseph Vowell
Nanih Waiya Assistant Principal

Suzanne Cain
Nanih Waiya Principal

Kashonda Day
Attorney

Re: SECOND RECORDS REQUEST & NOTICE OF INVESTIGATION

To whom it may concern:

I am writing to notify you that Disability Rights Mississippi (DRMS) is requesting that the following records be provided to our agency **within five business days**. This letter serves as DRMS's second records request and investigation notification. Our first letter and records request was emailed and mailed to school officials and the superintendent on January 7, 2025. The school/school district has failed to respond to this initial record request, and has not made an attempt to communicate with DRMS regarding this matter. As detailed below, this letter also serves as DRMS's notification of your failure to comply with federal law and DRMS's intent to take further legal action if you fail to comply with DRMS's requests by this time frame.

As stated in DRMS's initial investigation letter, Disability Rights Mississippi (DRMS) is Mississippi's Protection and Advocacy system (P&A). Each state's P&A is part of a federally mandated system with the authority and obligation to protect and advocate for the human and legal rights of individuals with developmental and/or other disabilities.[1] More specifically,

---

[1] See 29 USC § 794e (Protection and Advocacy of Individual Rights Program (the PAIR Act)); 42 USC §§ 10801 *et seq.* (Protection and Advocacy for Individuals with Mental Illness Act (the PAIMI Act)); 42 USC §§ 15001 *et seq.* (Developmental Disabilities Assistance and Bill of Rights Act (the DD Act)).

1



P&A's have the obligation and authority to investigate incidents of abuse and neglect of individuals with developmental and/or other disabilities that are reported to the system.[2] The term "abuse" includes actions that cause psychological harm as well as death or physical injury.

DRMS has broad authority to access records related to alleged abuse, neglect, and/or the death of persons with developmental and/or other disabilities. DRMS has the authority to access the records of an individual without the consent of any party when the P&A determines that there is probable cause to believe that the health or safety of the individual is in serious and immediate jeopardy.[3]

The regulations to the DD Act and the PAIMI Act clarify that P&A access authority extends to draft or final records, including handwritten notes, electronic files, photographs, or video and audiotape records. These records include "reports prepared by a Federal, State or local governmental agency, or a private organization charged with investigating incidents of abuse or neglect"[4] (including personnel records and supporting information that was relied upon in creating the reports). The regulations further specify that "[t]he organizations whose reports are subject to this requirement include, but are not limited to ... criminal and civil law enforcement agencies such as police departments ... regardless of whether they are protected by federal or state law."[5] Therefore, any reports or documents generated during a Police Department or Sheriffs Office's investigation(s) of these matters are considered records to which the P&A is entitled.

Pursuant to DRMS' federal statutory authority, this is DRMS's **second request** for copies of the following documents:

1. Personnel files for the following staff: Joseph Vowell.

2. Any internal investigation documents related to the incident(s) described in our initial investigation letter dated January 7, 2025 (enclosed).

3. Any incident reports related to the incident(s) described in our initial investigation letter dated January 7, 2025.

4. Video Surveillance of any interactions between Jordan Edmonson and staff for the week of October 20-26, 2024.

5. Interviews of the employees and/or staff that are identified throughout the course of this investigation, specifically those employees/staff that have provided care to students at Nanih Waiya Attendance Center for the past sixty (60) days.

---

[2] 42 USC § 10805(a)(1)(A); 42 USC § 15043(a)(2)(B).
[3] 42 USC § 15043(a)(2)(J)(ii).
[4] 45 C.F.R. § 1326.25(b)(2). *See also* 42 C.F.R. § 51.41 (c)(2).
[5] *Id.*

6. The entirety of the policy and procedure manual for Nanih Waiya Attendance Center

As previously explained, professional ethics and the federal laws that govern the P&A, DRMS will maintain the confidentiality of these records.[6] Federal law provides that DRMS is entitled to have immediate access to the records not later than 24 hours after making the initial request.[7] Federal law requires that DRMS must be provided, within 48 hours of the date of your denial of access, a written statement of the reasons for denial.[8] Your facility is currently denying DRMS its Access Authority as provided under federal law, and as such, you are in violation of federal law. Please provide the requested records **within five business days of the receipt of this letter**. If you intend to continue your denial of DRMS's Access Authority, please provide your written denial **within 48 hours of the denial of access**. If we do not receive your written response **within five business days of the receipt of this letter**, we will have no choice but to assume that you are continuing to deny DRMS' Access Authority. DRMS intends to take legal action to enforce its Access Authority.

Thank you in advance for your cooperation in this matter. Please address the records to my attention at 5 Old River Place, Suite 101, Jackson, Mississippi, or by email to erueff@drms.ms. Should you have any questions or concerns, please do not hesitate to contact our investigator, Elise Rueff, at (601)-968-0600, ext: 254, or by email at erueff@drms.ms. Alternatively, you can contact me at (601)-968-0600, ext: 256, or by email at kwelch@drms.ms.

Please consider this letter DRMS's notice of your violation of federal law by failing to provide DRMS with the records requested pursuant to DRMS's Access Authority. If the records are not provided **within five business days of the receipt of this letter** DRMS will have no choice but to take further legal action in accordance with federal statutes.

Sincerely,

Keren Welch
Monitoring & Investigations Attorney

Elise Rueff
Investigator

---

[6] 42 U.S.C. § 10806(a).
[7] 42 U.S.C. § 15043(a)(2)(J)(ii).
[8] 42 C.F.R. § 51.43; 45 C.F.R. § 1326.26.

Enclosures: January 7, 2025 initial investigation letter and records request

4