**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**DISABILITY RIGHTS MISSISSIPPI**                                    **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO.: 1:25-CV-45-GHD-RP**

**LOUISVILLE MUNICIPAL SCHOOL DISTRICT**                 **DEFENDANT**

### ANSWER AND AFFIRMATIVE DEFENSES

**NOW COMES** Defendant, Louisville Municipal School District, by and through counsel, and respectfully submits its Answer and Affirmative Defenses to Plaintiff's Complaint, to-wit:

### First Affirmative Defense

The Complaint fails to set forth a claim upon which relief can be granted.

### Second Affirmative Defense

DRMS fails to state a claim under PADD, as there is no evidence of abuse or neglect.

### Third Affirmative Defense

DRMS has failed to exhaust administrative remedies available under applicable state and/or federal laws.

### Fourth Affirmative Defense

DRMS cannot establish facts to obtain declaratory or injunctive relief, or any other relief set forth in the Complaint.

### Fifth Affirmative Defense

DRMS's claims are outside of its statutory authority.

### Sixth Affirmative Defense

DRMS's claims are moot.

**Seventh Affirmative Defense**

No abuse, neglect, or mistreatment of any individual has occurred, and therefore, the statutory prerequisite under PADD has not been met.

**Eighth Affirmative Defense**

Pursuant to *Loper-Bright Enterprises v. Raimondo*, DRMS may not rely on CFR interpretations of statutes when such interpretations are at odds and/or outside the statutory authority of the plain, unambiguous text of a statute. No judicial deference to CFR interpretations should be given.

**Ninth Affirmative Defense**

Granting the relief sought would violate LMSD's rights by imposing unwarranted, unfettered, and unauthorized obligations outside of Congress's delineated authority and without proper designation.

**Tenth Affirmative Defense**

LMSD denies each and every allegations in which DRMS's complaint seeks to impose liability upon LMSD. LMSD affirmative states that it is not guilty of any action, fault, or allegation in this case and is in no way liable to DRMS.

**Eleventh Affirmative Defense**

LMSD pleads all available defenses of immunity, including defenses under the Mississippi Tort Claims Act, against DRMS's claims.

**Twelfth Affirmative Defense**

DRMS cannot recover and is not entitled to any compensation, including compensatory services, attorney's fees, and other expenses of litigation.

**Thirteenth Affirmative Defense**

LMSD adopts any affirmative defenses, which may be applicable and may be shown by the facts in this case. LMSD pleads all rights, remedies, and affirmative defenses available to it pursuant to state and federal law.

### Fourteenth Affirmative Defense

DRMS's claims in whole or in part may be barred by the applicable statute(s) of limitations, staute(s) of repose, failure to cooperate, the doctrines of res judicata, claim preclusion, issue preclusion, unclean hands and laches, consent, estoppel, waiver, and/or DRMS's failure to meet any other applicable deadlines.

### Fifteenth Affirmative Defense

LMSD reserves the right to affirmatively plead any and all other defenses, affirmative defenses and/or claims available to it which may become applicable through discovery, if necessary, including but not limited to amended Complaints and cross claims, and hereby specifically reserves that right to amend its answer to allegations and said affirmative defenses at such time they become known.

### Sixteenth Affirmative Defense

LMSD specifically reserves, and does not waive, any defect in the Complaint by answering and preserves all objections to deficiencies.

### ANSWER

**AND, NOW,** having provided its Affirmative Defenses, and without waiving same, the Defendant answers the allegations of Plaintiff's Complaint as follows:

### I.INTRODUCTION

1.  Denied that LMSD continues to violate federal and state laws. The remaining allegations in this paragraph are legal conclusions and/or DRMS's version of the case

and no response is required.  To extent one is required, all allegations are denied.

2.    Denied that LMSD continues to violate federal and state laws.  The remaining allegations in this paragraph are legal conclusions and/or DRMS's version of the case and no response is required.  To extent one is required, all allegations are denied.

3.    The allegations in this paragraph are legal conclusions and/or DRMS's version of the case and no response is required.  To extent one is required, all allegations are denied. LMSD specifically denies that DRMS is entitled to costs and any relief whatsoever.

4.    LMSD adopts and incorporates by reference all responses to allegations and affirmative defenses set forth herein without specific restatement.

## II.    JURISDICTION AND VENUE

5.    The allegations in this paragraph constitute a statement of law to which no response is required.  To the extent a response is required, all allegations are denied.

6.    It is denied that DRMS's causes of action arise under PAIMI or PAIR and that DRMS is entitled to any costs.  The allegations in this paragraph constitute a statement of law to which no response is required.  To the extent a response is required, all allegations are denied.

7.    Admitted that LMSD's main office is located in the Northern District of Mississippi. The remaining allegations constitute statements of law to which no response in required.  To the extent a response is required, all allegations are denied.

## III.    PARTIES

8.    LMSD is without sufficient information or knowledge to admit or deny the allegations set forth in this paragraph, as such, the allegations are denied.

9.    LMSD is without sufficient information or knowledge to admit or deny the allegations

set forth in this paragraph, as such, the allegations are denied.

10.     The allegations in this paragraph constitute a statement of law to which no response is required. To the extent a response is required, all allegations are denied. LMSD affirmatively states that PAIMI, PADD, and PAIR unambiguously speak for themselves.

11.     LMSD is without sufficient information or knowledge to admit or deny that DRMS travels across the state of Mississippi, regulating and monitoring facilities and investigation allegations of abuse and neglect, as such, the allegations are denied. The remaining allegations in this paragraph are statements of law which require no response. To the extent a response is required, all allegations are denied.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Denied.

16.     Denied.

17.     Admitted that Nanih Waiya Attendance Center is located at 4880 Highway 397, Louisville, MS. The remaining allegations and/or inferences contained in this paragraph are denied.

### IV.     OVERVIEW OF THE P&A ACCESS AUTHORITY

18.     The allegations in this paragraph constitute a statement of law to which no response is required. To the extent a response is required, all allegations are denied.

19.     The allegations in this paragraph constitute a statement of law to which no response is required. To the extent a response is required, all allegations are denied. LMSD

affirmatively states that PAIMI is inapplicable here.

20.     The allegations in this paragraph constitute a statement of law to which no response is required.  To the extent a response is required, all allegations are denied.

21.     The allegations in this paragraph constitute a statement of law to which no response is required.  To the extent a response is required, all allegations are denied.  LMSD affirmatively states that PAIR is inapplicable here.

22.     The allegations in this paragraph constitute a statement of law to which no response is required.  To the extent a response is required, all allegations are denied.  LMSD affirmatively states that PATBI and PAVA are inapplicable here.

23.     The allegations in this paragraph constitute a statement of law to which no response is required.  To the extent a response is required, all allegations are denied.

24.     The allegations in this paragraph constitute a statement of law to which no response is required.  To the extent a response is required, all allegations are denied.

## V.   RELEVANT FACTS

25.     LMSD is without sufficient information or knowledge to admit or deny the allegations set forth in this paragraph, as such, the allegations are denied.  LMSD affirmatively states that no physical abuse, any other type of abuse, and/or neglect occurred at Nanih Waiya Attendance Center at any time.

26.     LMSD is without sufficient information or knowledge to admit or deny the allegations set forth in this paragraph, as such, the allegations are denied.  LMSD affirmatively states that no neglect related to failing to provide a safe environment during restraint and seclusion and/or failing to carry out any IEP plan as to J.E. occurred at Nanih Waiya Attendance Center at any time.

27.   Denied that the January 7, 2025, letter established probable cause or initiated an investigation.  The remaining allegations are admitted.

28.   Denied as stated.

29.   Admitted that a second letter was sent on January 23, 2025.  The remaining allegations are denied as stated.

30.   Denied as stated.

31.   Denied as stated.

32.   Denied as stated.

33.   Denied as stated.

## VI.   CLAIMS FOR RELIEF

34.   The allegations in this paragraph constitute a statement of law to which no response is required.  To the extent a response is required, LMSD affirmatively states that Section 15043 unambiguously speaks for itself and says what it says.

35.   Denied.  LMSD affirmatively states that reliance on any regulations is unnecessary as the statute is clear and unambiguous.  LMSD further affirmatively states that judicial deference to the CFR is not needed in the wake of *Loper Bright*.

36.   Denied.  LMSD affirmatively states that reliance on any regulations is unnecessary as the statute is clear and unambiguous.  LMSD further affirmatively states that judicial deference to the CFR is not needed in the wake of *Loper Bright*.

37.   Denied.  LMSD affirmatively states that reliance on any regulations is unnecessary as the statute is clear and unambiguous.  LMSD further affirmatively states that judicial deference to the CFR is not needed in the wake of *Loper Bright*.

38.   Denied.  LMSD affirmatively states that reliance on any regulations is unnecessary as

the statute is clear and unambiguous. LMSD further affirmatively states that judicial deference to the CFR is not needed in the wake of *Loper Bright*.

39.    LMSD admits that DRMS has authority under § 15043 to only J.E.'s records, investigation reports of the alleged incident of abuse and neglect, and reasonable access to J.E., individually, while attending Nanih Waiya Attendance Center. LMSD denies that its refusal to allow unreasonable, unfettered, and unaccompanied access to Nanih Waiya Attendance Center and its employees, as well as records outside of DRMS's statutory authority violates the PADD Act.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    The allegations in this paragraph constitute a statement of law to which no response is required. To the extent a response is required, LMSD affirmatively states that Section 15043 unambiguously speaks for itself and says what it says.

45.    The allegations in this paragraph constitute a statement of law to which no response is required. To the extent a response is required, LMSD affirmatively states that Section 15043 unambiguously speaks for itself and says what it says. LMSD affirmatively states that reliance on any regulations is unnecessary as the statute is clear and unambiguous. LMSD further affirmatively states that judicial deference to the CFR is not needed in the wake of *Loper Bright*.

### VII.   NECESSITY FOR INJUNCTIVE RELIEF

46.    Denied.

47.     Denied.

As for the last unnumbered paragraph which is entitled "REQUESTED RELIEF" LMSD denies each and every allegation contained therein, including subparts A-F, and would affirmatively aver that the DRMS is not entitled to any relief whatsoever, including a jury trial.

**AND NOW, HAVING FULLY ANSWERED** and asserted its affirmative defenses, LMSD prays that this Court grant the following relief:

(a)     That this Court dismiss DRMS's Complaint with prejudice, based upon each and all of the aforesaid affirmative defenses;

(b)     That this Court deny DRMS's relief prayed for in its prayer for relief, and that DRMS be denied any relief whatsoever; and,

(c)     Respectfully request judgment in LMSD's favor with all costs assessed against the DRMS.

**RESPECTFULLY SUBMITTED,** this the 6th day of June, 2025.

                                        **JACKS | GRIFFITH | LUCIANO, P.A.**

                              By:     _/s/ Katherine P. McClellan_____
                                        Katherine P. McClellan, MS Bar No. 105718
                                        Daniel J. Griffith, MS Bar No. 8366
                                        *Attorney for Defendant*

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
150 North Sharpe Street
P. O. Box 1209
Cleveland, MS 38732
Phone No. 662-843-6171
Fax No. 662-843-6176
Email: katie@jlpalaw.com
        dgriffith@jlpalaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Katherine P. McClellan, attorney of record for Defendant, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System which gave notice to the following:

> Greta K Martin, Esq.
> Disability Rights Mississippi
> 5 Old River Place, Suite 101
> Jackson, Mississippi 39202
> Office: (601)968-0600
> Facsimile: (601)968-0665
> **Attorney for Plaintiff**

**DATED** this 6th day of June, 2025.

_/s/ Katherine P. McClellan_____
Katherine P. McClellan